# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**AUSTIN JONES,**<br><br>  *Defendant.* | **CRIMINAL ACTION NO.**<br>**3:24-cr-00005-TES-CHW-1** |

## ORDER GRANTING DEFENDANT'S
## UNOPPOSED MOTION FOR CONTINUANCE

Before the Court is Defendant Austin Jones's Unopposed Motion to Continue [Doc. 28]. On February 13, 2024, the Grand Jury returned a two-count Indictment [Doc. 1] charging Defendant with two counts of Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). On March 12, 2024, Defendant pled "not guilty" at his arraignment and was released on bond pending trial. [Doc. 12]; [Doc. 15]. On March 15, 2024, the Court continued this case for the first time. [Doc. 21].

Defendant filed this Motion on May 1, 2024, seeking a second continuance for several reasons. [Doc. 28]. First, Defendant states that on April 10, 2024, the Government informed Defendant that it intends to use three expert witnesses, including two computer forensics experts and a medical doctor. [*Id.* at ¶ 3]. Defendant then retained his own computer forensics expert, who will likely need until June to meet with law enforcement to process the devices at issue in this case, analyze the data from

those devices, and produce a report. [*Id.*].

Second, Defendant states that on April 18, 2024, the Government provided a third round of discovery in an "unusual format" which "appears to contain computer code and/or data." [*Id.* at ¶ 4]. According to Defendant, he is diligently working to retain a computer expert, whose expertise will be "necessary to analyze and digest the third round of discovery." [*Id.*].

Finally, Defendant contends that he needs at least an additional 30 days to "adequately review the Government's discovery, determine if additional discovery should be produced, [and] prepare and file necessary pretrial motions." [*Id.* at ¶ 5]. Defendant represents that the Government does not object to his request for a continuance. [*Id.* at ¶ 6].

The Court finds that granting Defendant's request serves the ends of justice. The Court further finds that the ends of justice served by granting Defendant's request outweigh the interests of Defendant and the public in a speedy trial. Failure to grant this continuance would deny counsel for Defendant reasonable time to effectively prepare, taking into account the exercise of due diligence.

Accordingly, the Court **GRANTS** Defendant's Motion [Doc. 28] and **CONTINUES** the trial of this matter until July 22, 2024. The delay occasioned by this continuance shall be deemed excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

**SO ORDERED**, this 2nd day of May, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
